# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1436V
UNPUBLISHED

| | |
|---|---|
| MARY ANN DEUBEL,<br><br>                  Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                  Respondent. | Chief Special Master Corcoran<br><br>Filed: December 5, 2019<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Linda Sara Renzi, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On September 20, 2018, Mary Ann Deubel filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccination administered on October 27, 2015. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 16, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On December 5, 2019, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $90,000.00. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

with the proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $90,000.00 in the form of a check payable to Petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                  **s/Brian H. Corcoran**
                                                  Brian H. Corcoran
                                                  Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MARY ANN DEUBEL, ) | |
| ) | |
| Petitioner, ) | No. 18-1436V |
| ) | Chief Special Master |
| v. ) | Brian H. Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.   Compensation for Vaccine Injury-Related Items**

On September 9, 2019, respondent filed a Rule 4 (c) Report conceding entitlement in this case. On September 16, 2019, the Court issued a Ruling on Entitlement finding that petitioner was entitled to vaccine compensation for her Shoulder Injury Related to Vaccine Administration ("SIRVA"). Respondent proffers that based on the evidence of record, petitioner should be awarded $90,000.00. This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a)(1); 15(a)(3)(A); and 15(a)(4). Petitioner agrees.

**II.   Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

A lump sum payment of $90,000.00, in the form of a check payable to petitioner, Mary Ann Deubel. This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

    Respectfully submitted,

    JOSEPH H. HUNT
    Assistant Attorney General

    C. SALVATORE D'ALESSIO
    Acting Director
    Torts Branch, Civil Division

    CATHARINE E. REEVES
    Deputy Director
    Torts Branch, Civil Division

    ALEXIS B. BABCOCK
    Assistant Director
    Torts Branch, Civil Division

    /s/ Linda S. Renzi
    LINDA S. RENZI
    Senior Trial Counsel
    Torts Branch, Civil Division
    U.S. Department of Justice
    P.O. Box 146
    Benjamin Franklin Station
    Washington, D.C. 20044-0146
    Tel.: (202) 616-4133

Dated: December 5, 2019